IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CATHETER CONNECTIONS, INC., a Delaware corporation,<br><br>               Plaintiff,<br>v.<br><br>IVERA MEDICAL CORPORATION, a California corporation,<br>               Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Case No. 2:12-cv-531-DN<br><br>District Judge David Nuffer |

Plaintiff Catheter Connections, Inc. moves to dismiss all claims of all parties with prejudice.[1] Catheter Connections specifies that "[t]his dismissal relates only to the version of Ivera's Curos Tips that is referred to as X13—as sold by Ivera between approximately December 2012 and April 2013—insofar as it is alleged to infringe the [U.S. Patent 8,172,825]. X13 is the version of Ivera's Curos Tips which is the subject of the cause of action set forth in Count One."[2] Further, "Catheter Connections reserves all of its substantive rights with respect to the '825 Patent with respect to *any other versions* of the Curos Tips product, including without limitation the versions referred to as Rev. G, Rev. H. or any subsequent or coexisting version of Curos Tips not specifically accused in this case."[3]

Ivera states that it "would not object to a true dismissal of Catheter Connections' claims of infringement of the '825 patent against Curos Tips with prejudice"[4] so long as the order included (a) dismissal with prejudice of all of Catheter Connections' claims of infringement of

---

[1] Catheter Connections, Inc., Motion to Dismiss, docket no. 157, filed Dec. 17, 2014.

[2] *Id.* at 2.

[3] *Id.*

[4] Opposition to Plaintiffs' Motion to Dismiss at 1, docket no. 160, filed Dec. 24, 2014.

the '825 patent, including those pending before Judge Campbell in Case No. 2:14-cv-70, and (b) an award of Ivera's attorney fees and costs incurred in this case.[5]

Most of the claims in this case were dismissed by stipulation in October 2013.[6] Count One, alleging the X13 product infringes on the '825 patent is the sole remaining claim in this case. The case was stayed for a time to allow for settlement negotiations.[7] Since the time the stay was lifted in December 2013,[8] very little occurred in this case on the remaining claim until Ivera filed a Motion for Summary Judgment in October 2014.[9]

Catheter Connections seeks dismissal of the only remaining claim in this case because the X13 model is no longer made or marketed by Ivera, and because Catheter Connections has included allegations that newer versions of the product (Rev. G and Rev. H) infringe on the '825 patent in Case No. 2:14-cv-70, currently pending before Judge Campbell.[10] After carefully reviewing the parties' briefs on this motion, the court will grant the motion to dismiss and finds that an award of Ivera's attorneys' fees is not warranted because this is not an "extraordinary case" under 35 U.S.C. § 285. Further, in the dismissal in October 2013, the parties agreed that "[e]ach party will bear its own costs and attorneys' fees."[11] Very little has taken place in this case since that time.

---

[5] *See id.* at 2.

[6] *See* Order Granting Stipulation of Dismissal of Certain Claims ("Dismissal Order"), docket no. 117, filed Oct. 16, 2013.

[7] *See* Order Granting Joint Motion to Stay, docket no. 118, filed Oct. 17, 2013.

[8] *See* Docket Text Order re: the status of the case, docket no. 120, filed Dec. 23, 2013.

[9] Motion for Summary Judgment and Memorandum in Support, docket no. 145, filed Oct. 9, 2014.

[10] *See* Third Amended Complaint at 28-29, Case No. 2:14-cv-70-TC, docket no. 225, filed July 2, 2014 (adding claims of '825 Patent infringement by Rev. G); s*ee also* Stipulation, Case No. 2:14-cv-70-TC, docket no. 301, filed Oct. 9, 2014 (adding claims of '825 Patent infringement by Rev. H to Third Amended Complaint).

[11] Dismissal Order at 2.

## ORDER

IT IS HEREBY ORDERED that Catheter Connections' Motion to Dismiss[12] is GRANTED and all claims of all parties in this Case No. 2:12-cv-00531-DN are dismissed with prejudice. Each party shall bear its own costs and attorneys' fees. This dismissal concerns only the accused infringement of U.S. Patent 8,172,825 by the X13 version of Ivera's Curos Tips product, which is the subject of this case. This order of dismissal does not include those claims currently pending in Case No. 2:14-cv-00070-TC, which are expressly excluded. The clerk is directed to close this case.

Signed January 15, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[12] Docket no. 157.